**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Helen JENKINS, Defendant-Appellant.**

No. 78–5088.

United States Court of Appeals,
Sixth Circuit.

Argued Oct. 13, 1978.

Decided Nov. 2, 1978.

James E. Roberts, Chief Federal Defender, Kenneth R. Sasse, Detroit, Mich., for defendant-appellant.

James K. Robinson, U. S. Atty., Ellen Ritteman, Detroit, Mich., for plaintiff-appellee.

Before WEICK and EDWARDS, Circuit Judges, and LAWRENCE,* District Judge.

PER CURIAM.

Appellant Jenkins was convicted after a jury trial on a charge of smuggling goods into the United States, in violation of 18 U.S.C. § 545 (1976). She received a two-year sentence.

On appeal she contends that the customs regulation was so overbroad and vague that it denied defendant due process, that the jury instruction tended to shift the burden of proof to the defendant, and that the prosecutor improperly prejudiced the result by an accusation of an unrelated crime.

■ While 19 C.F.R. § 148.11 does contain broad language, 19 C.F.R. § 123.3, which deals specifically with customs relations between the United States and Canada and Mexico, provides such particularity as to make this argument valueless.

As to the jury instruction taken as a whole, we find no reversible error.

■ Recognizing that in the closing argument of the prosecutor a prejudicial assertion (that the goods sought to be imported may have been stolen) was injected, we nonetheless find no reason to reverse. When the trial judge had heard an objec-

---

* Honorable Alexander A. Lawrence, United States District Judge for the Southern District of Georgia, sitting by designation.

tion to said comment, he offered defendant the opportunity to move for mistrial, which was rejected, and gave as a substitute a curative instruction which was agreed upon by defendant. We find no reversible error · in proceeding with the trial under these circumstances.

The judgment of conviction is affirmed.